UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

The Wounded Blue,

          Plaintiff

v.

Jennifer Griffin Hill,

          Defendant

Case No. 2:24-cv-01592-CDS-MDC

**Order Granting in part Defendant's Emergency Motion to Stay**

[ECF No. 50]

    The Wounded Blue brings this breach of contract and related claims action against its former employee, defendant and counterclaimant Jennifer Griffin Hill. *See* Compl., ECF No. 1. On November 14, 2025, Hill filed an emergency motion to stay this case, arguing that this action should be stayed nunc pro tunc to February 24, 2025, because of a parallel criminal action pending against Hill in state court. *See* Emerg. mot., ECF No. 50 at 7. While I questioned why Hill was seeking emergency relief months after the criminal case against her was filed, I nonetheless ordered expedited briefing considering Hill's upcoming deposition. Min. order, ECF No. 51. This motion is now fully briefed. Opp'n, ECF No. 52; Reply, ECF No. 53. For the reasons set forth herein, I grant Hill's motion in part.

I.      **Legal Authority**

    A defendant does not have an "absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995). Thus, the Constitution does not require a stay of civil proceedings until the conclusion of criminal proceedings. *Id.* at 324 (citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). However, district courts have discretion to stay civil proceedings "when the interests of justice seem to require such action." *Keating*, 45 F.3d at 324 (cleaned up). To determine if a stay is warranted pending the outcome of

parallel criminal proceedings, a court must consider the specific circumstances and competing interests in the particular case. *Molinaro*, 889 F.2d at 902. *Keating* guides courts to consider "the extent to which the defendant's fifth amendment rights are implicated" by considering the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 324–25 (citing *Molinaro*, 889 F.2d at 902–03).

## II.   Background

This action has pending since August of 2024. ECF No. 1. Hill filed her answer to the complaint on December 30, 2024. Answer, ECF No. 16. And she amended her answer just a few days later. Am. answer, ECF No. 18.

The parties do not dispute that after this action was initiated, Hill was charged with criminal offenses in state court in February 2025 based on the same allegations set forth in the instant complaint. *See* ECF No. 50 at 3; ECF No. 52 at 3–4 (discussing cooperating with police regarding this investigation and acknowledging criminal case). After Hill was charged criminally, the parties stipulated to various deadlines for discovery, responses to filings, and scheduling orders. *See* ECF Nos. 22, 24, 26, 28, 30, 34, 37. Pursuant to the parties' latest stipulation, the discovery deadline in this case is December 8, 2025. Order, ECF No. 35 at 2–3.

On November 21, 2025, Hill filed her emergency motion to stay. ECF No. 50. Therein, Hill requests that this court "stay all proceedings in the above-entitled Case, including, but not limited to, all discovery and disclosure obligations under the applicable rules, with *nunc pro tunc* relief, from February 24, 2025, and until thirty (30) days after the Criminal Case is dismissed or otherwise resolved, including all appeals and post-judgment proceedings subject thereto." *Id.* at

3. Hill contends that she has been "precluded from proceeding" in this case because her focus remains on her criminal case, and that her criminal defense attorney has long advised her to refrain from engaging in discovery in this case. *Id.* at 5–6. She further argues that, given her upcoming deposition, a stay is necessary to protect her Fifth Amendment rights and to allow her to fully focus on her criminal case before resolving this action. *See id.* at 3–4.

The Wounded Blue opposes Hill's motion, arguing that there is no need to grant Hill's requested stay, much less an emergency motion for the requested relief. *See* ECF No. 52. It contends that Hill's "emergency" is a product of her own creation, and that her representation as to a "de facto" stay in place since February is simply untrue. *See id.* at 2. It also points out that Hill's criminal case could remain outstanding for an indeterminate amount of time giving recent representations that she will be appealing certain pre-trial motions. *See* ECF No. 50 at 6. After considering the *Keating* factors, The Wounded Blue contends, the court should deny Hill's request. ECF No. 52 at 8.

### III.   Discussion

As a threshold matter, it remains wholly unclear why Hill did not move for this relief earlier in time, especially given that her criminal defense attorney has long advised her to refrain from participating in discovery in this case. That representation is also inconsistent with the parties agreeing to initial discovery disclosures, and thereafter stipulating to a scheduling and discovery order. To that end, I agree with the plaintiff that there is no actual emergency warranting this motion to be filed on such basis. Rather, Hill was dilatory in seeking this relief. However, Hill's constitutional right—namely, her Fifth Amendment right against self-incrimination—is implicated because of the parallel criminal proceedings. So I find that full consideration of her motion is warranted. Accordingly, I evaluate each *Keating* factor in turn.

### A. The interest of the plaintiff in proceeding expeditiously with this case and the potential prejudice to plaintiff if delayed.

Courts have recognized that a civil plaintiff has an interest in having their case resolved expeditiously. *See S.E.C. v. Loomis*, 2013 WL 4543939, at *2 (E.D. Cal. Aug. 27, 2013). The Wounded Blue is no different. Like all plaintiffs, it has an interest in timely resolving this case. Further, there is inherent risk with stays as memories fade, evidence may become stale, amongst other issues. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 707–08 (1997) (delay "would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party."); *Sw. Marine, Inc. v. Triple a Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) (noting that when civil cases are delayed, "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end."). Thus, this factor militates in favor of denying Hill's motion.

### B. The burden which any particular aspect of the proceedings may impose on the defendant.

Hill argues that failure to grant her motion will not only burden her, but result in adverse consequences against her if she is required to sit for her deposition. Hill is correct. While a criminal defendant may constitutionally assert her Fifth Amendment rights with no adverse consequence, a trier of fact in a civil case may draw an adverse inference from invocation of the Fifth Amendment. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000). The Wounded Blue argues that this alone is insufficient to warrant a stay because Hill can provide "non-incriminating information," and she "should be not rewarded for allowing her criminal case to play out." ECF No. 52 at 6, 8–9.

But the Ninth Circuit has recognized that "the extent to which the defendant's Fifth Amendment rights are implicated is a significant factor for the [court] to consider[.]" *Keating*, 45 F.3d at 326 (quoting *Molinaro*, 889 F.2d at 902). Here, there is no dispute that the parallel civil and criminal cases "involve the same or closely related facts." *Wright v. Pierce Cnty.*, 2011 WL

1314437, at *2 (W.D. Wash. Apr. 4, 2011). As a result, if I permit discovery to move forward, Hill "will be faced with the difficult choice between asserting [her] right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights." *Id.* Moreover, the plaintiff's argument that Hill could still provide "non-incriminating information" is unrealistic, as it is unknown how any information could be used against Hill during a criminal trial. As a result, this factor and the interests of justice weigh heavily in favor of granting a stay. *See Keating*, 45 F.3d at 324.

### C. The convenience of the court in the management of its cases, and the efficient use of judicial resources.

This factor assesses whether a stay would be convenient to the court and help conserve judicial resources. *Keating*, 45 F.3d at 325. Courts have recognized this factor normally weighs against granting a stay, as "the court has an interest in clearing its docket." *ESG Cap. Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1047 (C.D. Cal. 2014) (quoting *Molinaro*, 889 F.2d at 903). Indeed, this court has an interest in clearing its docket; however, this case is not so old that a short stay would seriously impair the court's ability to manage its docket. Thus, this factor is neutral.

### D. The interests of persons not parties to the civil litigation and the public's interest in the parallel proceedings.

The Wounded Blue argues that the interests of non-parties in the resolution of this outcome significantly favors denying Hill's motion. ECF No. 52 at 10. It contends that its charitable efforts will be positively impacted by the efficient resolution of this case. *Id.* It further contends that Hill's actions caused its donor list to be stolen and attacked the integrity of Randy Sutton and the organization.

While the interest of non-parties is a factor here, I find that the impact on the plaintiff has already occurred. Certainly, the plaintiff wants vindication, but this is an insufficient reason to deny a stay. This is particularly true given that its interests may be vindicated in the parallel criminal action. In the end, the public has an interest in "ensuring that the criminal process is

not subverted" by ongoing civil cases. *Douglas v. United States*, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006) (first citing *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 10 (D. Conn. 2002); then citing *Rosenthal v. Giuliani*, 2001 WL 121944, at *2 (S.D.N.Y. Feb. 9, 2001))); *see also Petrov v. Alameda Cnty.*, 2016 WL 6563355, at *7 (N.D. Cal. Nov. 4, 2016) (finding that the public's interest in the integrity of criminal proceedings warrants staying civil proceedings as the civil case "carries only civil sanctions and monetary penalties [and] is not of an equally pressing nature.") (citation omitted). Thus, balancing both non-parties and the public's interest, this factor is neither militates in favor nor against a stay.

### E.  On balance, the *Keating* factors weigh in favor of a limited stay.

The only factor that weighs in favor of denying Hill's requested stay is the first factor. But the burden placed on Hill by denying the request seriously outweighs this factor. Accordingly, the court finds a limited stay is warranted here. The court hereby enters a stay until August 31, 2026, which is just over one month after Hill's criminal case is set for trial in the Eighth Judicial District Court. The court enters a limited stay because it is cognizant of the issues that can arise with significant delays. The court is not inclined to extend the stay without further motions practice.

Finally, the court denies Hill's request that the stay be entered nunc pro tunc to February 26, 2025. Hill could have, but failed to, seek a stay earlier. She therefore voluntarily engaged in limited discovery. The record does not support her contention that there has been a "de facto" stay in place since February of this year, so granting the stay nunc pro tunc is not warranted here. *See United States v. Allen*, 153 F.3d 1037, 1044 (9th Cir. 1998) ("Nunc pro tunc signifies now for then, or in other words, a thing is done now, which shall have the same legal force and effect as if done at [the] time when it ought to have been done." (quoting *Black's Law Dictionary* 964 (5th ed. 1979)).

IV.     Conclusion

IT IS HEREBY ORDERED that Hill's motion to stay **[ECF No. 50] is GRANTED in part**. This action is stayed until August 31, 2026. The parties must file a joint status report setting forth their positions, including points and authorities in support thereof, of lifting the stay, by August 14, 2026.

Dated: December 2, 2025

_____
Cristina D. Silva
United States District Judge