UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

The Wounded Blue,

Plaintiff

v.

Jennifer Griffin Hill,

Defendant

Case No. 2:24-cv-01592-CDS-MDC

**Order Lifting Stay of Proceedings**

[ECF No. 55]

In December 2025, I granted in part the defendant's emergency motion to stay this case and entered a limited stay "until August 31, 2026, which is just over one month after Hill's criminal case is set for trial in the Eighth Judicial District Court." ECF No. 54 at 6. Therein, I ordered the parties to file a joint status report setting forth their positions, including points and authorities in support thereof, of lifting the stay, by August 14, 2026. *Id.* at 7. The parties timely complied. ECF No. 55. In that report, the plaintiff argues that the stay should be lifted as planned to allow discovery to proceed. *Id.* at 3. The defendant argues that the stay should remain in place and be extended beyond August 31, 2026, because "lifting it now would expose Ms. Hill to irreversible prejudice in the still-pending criminal matter." *Id.* at 6.

Federal district courts are not obligated to stay civil proceedings during the pendency of state criminal proceedings. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." *Id.* at 326 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). But the Ninth Circuit has recognized that this consequence alone does not compel a stay pending the outcome of a related criminal case. *Id.*

There is no dispute that if Hill asserts her Fifth Amendment right in this case, an adverse inference can be drawn against her. *See SEC v. Colello*, 139 F.3d 674 (1998). And if she cooperates with discovery in this case or gives incriminating testimony, it can be used against her in the criminal trial. However, the Ninth Circuit has held that the potential for an adverse inference in a civil proceeding is not enough by itself to stay a civil action. *Keating*, 45 F.3d at 324.

Recognizing the aforementioned challenge, I granted in part Hill's motion to stay the action and entered a limited stay that expired yesterday. Eight months have passed since the limited stay was entered and there has been no forward progress in this, or the criminal, action. Indeed, this action was filed in 2024 and, two years later, has yet to proceed past the pleading stage. And now, the criminal trial has continued for another eight months—until March 2027.[1] It would be prejudicial to The Wounded Blue to force it to wait until the unknown culmination of a criminal case when it has already waited two years.[2]

A plaintiff has a clear interest in having its case resolved quickly. *See ESG Cap. Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014) ("Courts have recognized that a civil plaintiff has an interest in having her case resolved quickly"). Thus, there would be prejudice to The Wounded Blue if the court extended the stay. On the other hand, as I previously recognized, there are Fifth Amendment implications raised by the parallel criminal proceeding. ECF No. 54 at 4–5. However, a party "has no absolute right not to be forced to choose between testifying in a civil matter and asserting [her] Fifth Amendment privilege." *Keating*, 45 F.3d at 326 (citing *Baxter*, 425 U.S. at 318. Even when a defendant's Fifth Amendment rights are implicated, a party must show other "compelling factors" to justify a stay. *Stratos*, 22 F. Supp. 3d at 1046 (quoting *Gen. Elec. Co. v. Liang*, 2014 U.S. Dist. LEXIS 36243 (C.D. Cal. Mar. 19, 2014)). But a stay is not

[1] The Wounded Blue contends that the criminal trial was continued at the request of Hill. ECF No. 55 at 4. Hill disputes this statement, arguing that the "stay was never conditioned on any particular criminal trial date." However, this assertion is incorrect. The court entered a limited stay "until August 31, 2026, which is just over one month after Hill's criminal case is set for trial in the Eighth Judicial District Court." ECF No. 54 at 6.

[2] Seemingly, the criminal trial was continued due to the pending writ of mandamus before the Nevada Supreme Court (NSC). Hill just filed her reply in support of her writ on August 5, 2026. The NSC has not issued a decision nor set the matter for hearing. *See* Nevada Supreme Court case No. 92292.

warranted where a defendant's Fifth Amendment rights can be protected "through less drastic means, such as asserting the privilege on a question-by-question basis . . . ." *Doe v. City of San Diego*, 2012 WL 6115663, at *2 (S.D. Cal. Dec. 10, 2012). Hill has not shown any other "compelling factors" to justify another lengthy extension of the stay. Furthermore, any concerns over self-incrimination can be addressed through specific objections during the course of discovery.

Courts have recognized that judicial efficiency does not favor granting a stay, because "the court has an interest in clearing its docket." *Stratos*, 22 F. Supp. 3d at 1046 (citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899 (9th Cir. 1989)). Staying a civil case until the resolution of a criminal case is inconvenient for the court—especially when there is the potential for another lengthy delay. Indeed, the delay in the trial date raises concerns about whether the criminal proceedings "will be concluded within a reasonable time in relation to the urgency of the claims presented to [this] court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

Although lifting the stay will not immediately resolve this action, nor resolve the potential implication of Hill's Fifth Amendment rights, it will allow this action to move forward, so that when the criminal proceedings do conclude, this case will be more mature and closer to resolution. And, safeguards can be put into place to balance the plaintiff's Fifth Amendment rights, such as scheduling her deposition later in the discovery schedule, and if the criminal action is still pending, allowing an assertion of her rights on a question-by-question basis.

Accordingly, the plaintiff's request to lift the stay is granted. The parties must proceed with discovery pursuant to Rule 26. The parties are directed to meet and confer and file a discovery plan and scheduling order by October 2, 2026.

Dated: September 1, 2026

Cristina D. Silva
United States District Judge