G. MARK ALBRIGHT, ESQ. (NV Bar No. 001394)
DANIEL R. ORMSBY, ESQ. (NV Bar No. 014595)
KYLE W. FENTON, ESQ. (NV Bar No. 016235)
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
T: 702-384-7111 / F: 702-384-0605
gma@albrightstoddard.com
dormsby@albrightstoddard.com
kfenton@albrightstoddard.com

*Attorneys for Defendant/Counterclaimant,*
*Jennifer Griffin Hill*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE WOUNDED BLUE, a Nevada nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER GRIFFIN HILL, an individual,<br><br>Defendant.<br><br>JENNIFER GRIFFIN HILL, an individual,<br><br>Counterclaimant,<br><br>vs.<br><br>THE WOUNDED BLUE, a Nevada nonprofit corporation; and RANDY SUTTON, an individual,<br><br>Counter-Defendants. | CASE NO.: 2:24-CV-01592-CDS-MDC<br><br>**JOINT DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER** |

COMES NOW, Defendant/Counterclaimant JENNIFER GRIFFIN HILL, an individual (hereinafter "Hill" or "Defendant"), by and through her counsel, G. Mark Albright, Esq. of ALBRIGHT STODDARD WARNICK & ALBRIGHT ("ASWA"), and THE WOUNDED BLUE,

AS Albright Stoddard Warnick & Albright

a Nevada nonprofit corporation, and RANDY SUTTON, an individual, by and through their counsel, Joshua A. Sliker and Carl Fumarola, and hereby submit the following Joint Discovery Plan and [Proposed] Scheduling Order ("DPSO") pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1. This plan is submitted in response to the Court's September 1, 2026 Order directing the parties to meet and confer and file a discovery plan and scheduling order by October 2, 2026. [ECF No. 56]. Kyle W. Fenton, Esq. was present on behalf of Defendant/Counterclaimant and Carl Fumarola, Esq. was present on behalf of Plaintiff/Counter-Defendants.

**i. PROCEDURAL HISTORY**

a. Plaintiff filed their complaint in Federal Court on August 8, 2024. [ECF No. 1].

b. In December 2025, the Court granted in part Defendant's emergency motion to stay and entered a limited stay until August 31, 2026. [ECF No. 54]. On September 1, 2026, the Court lifted the stay and ordered the parties to meet and confer and file a discovery plan and scheduling order by October 2, 2026. [ECF No. 56]. The criminal case against Ms. Hill in the Eighth Judicial District Court has been continued until March 2027. [ECF No. 56 at 2 & n.1].

**ii. <u>PRELIMINARY MATTERS</u>**

a. <u>Attorneys' Conference and Scheduling Meeting</u>. Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), the parties' counsel Carl Fumarola, Esq., for Plaintiff/Counter-Defendants, and Kyle W. Fenton, Esq. for Defendant/Counterclaimant, met and conferred by teleconference on October 1, 2026.

b. <u>Settlement ADR/Magistrate/Short Trial Certifications</u>. The parties discussed possibilities for promptly settling or resolving the case. Furthermore, pursuant to LR 26-1(b)(7) and (8), the parties hereby certify that they considered the use of alternative dispute resolution processes (such as mediation, arbitration, or early neutral evaluation), as well as to trial by a magistrate judge and use of the Short Trial Program.

c. <u>Special Scheduling Review Statement Pursuant to LR 26-1(a)</u>: **SPECIAL SCHEDULING REVIEW REQUESTED.** This matter requires special scheduling review. Although the standard discovery period in this District is 180 days, the parties wish to allow a nine-

AS Albright Stoddard Warnick & Albright

month discovery period of 270 days, measured from the October 1, 2026 conference. **Discovery Cut-Off date June 28, 2027**.

Good cause supports a period longer than 180 days. In the Order Lifting Stay, the Court recognized that Hill's Fifth Amendment rights remain implicated by the parallel criminal proceeding and that the schedule should protect those rights. The Court wrote:

> Although lifting the stay will not immediately resolve this action, nor resolve the potential implication of Hill's Fifth Amendment rights, it will allow this action to move forward, so that when the criminal proceedings do conclude, this case will be more mature and closer to resolution. **And, safeguards can be put into place to balance the plaintiff's Fifth Amendment rights, such as scheduling her deposition later in the discovery schedule, and if the criminal action is still pending, allowing an assertion of her rights on a question-by-question basis.**

[ECF No. 56 at 3:14–19] (Emphasis added). Hill's criminal trial is currently set for March 2027. [ECF No. 56 at 2 & n.1]. A 270-day period, measured from October 1, 2026, lets the parties complete discovery that does not implicate the privilege during the first portion of the period, and reserves the deposition and other privilege-implicating discovery for the final months, after the criminal trial, as set forth in Section VII.

**III. Initial Disclosures.** Defendant served its Initial Disclosures on May 14, 2025. Plaintiff will serve their Initial Disclosures by May 14, 2025, in compliance with the 14-day deadline set forth in Fed. R. Civ. P. 26(a)(1).

**IV. Discovery Parameters.** The parties intend to conduct discovery as permitted under the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Nevada. Discovery may be conducted on all matters reasonably related to Plaintiff's Complaint, Defendant's Answer and Counterclaims, and any responsive pleading. Discovery is sequenced as set forth in Section VII, so that discovery implicating Ms. Hill's Fifth Amendment privilege is deferred while the criminal case remains pending.

**V. Discovery Limits.** The parties agree to the deposition and written discovery limits contained in the Federal Rules of Civil Procedure. As stated in Section VII(c), a pretrial session of Ms. Hill's deposition and a post-trial completion of that deposition count as one deposition under Fed. R. Civ. P. 30.

AS Albright Stoddard Warnick & Albright

**VI. Discovery Schedule.**

a. Discovery Cut-Off Date. The parties wish to allow 270 days, measured from October 1, 2026, to complete discovery. The discovery cut-off date, therefore, will be **Monday, June 28, 2027.**

b. Amending the Pleadings and Adding Parties. Pursuant to LR 26-1(b)(2), the parties shall have until **Tuesday, March 30, 2027**, to file any motion to amend the pleadings or to add parties, which is 90 days before the close of discovery/discovery cut-off date.

c. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts). Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2) and LR 26-1(b)(3), as follows:

(i) The disclosure of experts and expert reports shall occur on **Thursday, April 29, 2027,** which is 60 days before the discovery cut-off date. At the time of expert witness disclosures, each party shall comply with the disclosure requirements set forth in Fed. R. Civ. P. 26(a)(3)(B).

(ii) The disclosure of rebuttal experts and their reports shall occur on **Tuesday, June 1, 2027,** which is 30 days from the initial disclosure of experts.

d. Dispositive Motions. The parties shall have until **Wednesday, July 28, 2027,** to file dispositive motions, which is the first business day thirty (30) days after the discovery cut-off, pursuant to LR 26-1(b)(4).

e. Pretrial Order. Pursuant to LR 26-1(b)(5), the pretrial order shall be filed by **Friday, August 27, 2027,** which is not more than thirty (30) days after the date set for filing dispositive motions in the case. However, this pre-trial order due date is stayed, if any dispositive motions are timely filed, which stay will be lifted upon the issuance of an order on the last filed dispositive motion to be adjudicated. After such an order issues, the LR 26-1(b)(5) Pretrial Order shall then be due within thirty (30) days thereafter. Pursuant to LR 26-1(b)(5), the disclosures required by FRCP 26(a)(3) and any objections to them shall be made in the joint pretrial order.

f. Court Conference. In the event this Court may require special scheduling review, the parties are available for a conference as may be scheduled for discovery determinations.

g. Later Appearing Parties. A copy of this discovery plan and scheduling order shall be served on any person served after it is entered, or, if an additional defendant should appear, within five (5) days of their first appearance. This discovery plan and scheduling order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown, orders otherwise.

h. Extension or Modification of the Discovery Plan and Scheduling Order. LR 26-4 governs modifications or extensions of this discovery plan and scheduling order. Any stipulation or motion must be made not later than twenty-one (21) days before the discovery cut-off date and comply fully with LR 26-4.

i. E-discovery. All discovery requests for production of documents and tangible things will be construed to include all digital data and information within a responding party's possession, including emails, information on hard drives, servers, cloud storage and mobile devices which would be responsive to a request. The parties agree to produce discoverable ESI in the form in which it is now (or was during the relevant time period) maintained in the ordinary course of business, or in a reviewable format such as PDF or TIFF. Nothing herein shall preclude the parties from making an alternate agreement. Metadata contained within any ESI production or disclosures shall not be deemed to have been purposefully disclosed and shall not be admissible, unless the recipient seeks by motion filed at least sixty (60) days before trial, to allow such metadata to be admitted, which motion must demonstrate that the metadata: (i) is not attorney work-product privileged information; (ii) is not attorney-client privileged information; (iii) does not involve any settlement discussions; (iv) is otherwise admissible; (v) is relevant; (vi) has probative value and relevance which outweighs its prejudicial effect; and (vii) is not sought to be interposed for any improper purpose.

**VII. Fifth Amendment Safeguards and Sequencing of Discovery.**

Consistent with the Court's Order Lifting Stay [ECF No. 56 at 3], discovery is sequenced to protect Hill's Fifth Amendment privilege against self-incrimination while the parallel criminal action remains pending. However, Plaintiff is not exempt from discovery in this matter merely because a specific method of discovery could implicate her Fifth Amendment privilege. Rather,



AS Albright Stoddard Warnick & Albright

Albright Stoddard Warnick & Albright

Plaintiff remains, at all times, responsible for validly asserting the privilege on a question-by-question or request-by-request basis.

a. Discovery Not Implicating the Fifth Amendment. Discovery that does not implicate Hill's Fifth Amendment rights includes, but is not limited to, requests for production of documents, subpoenas for documents, and discovery directed to Hill's counterclaims. These may proceed during the discovery period and need not await the conclusion of the criminal trial unless the parties stipulate or the court orders otherwise.

b. Discovery Implicating the Fifth Amendment. Any specific deposition question or discovery request (i.e., interrogatory, request for admission, request for production) to which Plaintiff validly asserts her Fifth Amendment privilege shall be deferred until after the conclusion of Hill's criminal trial, currently set for March 2027, except as provided in subparagraph (c).

c. Question-by-Question Discovery; Second Deposition. Before the criminal trial concludes, any discovery that could implicate the privilege may proceed only on a question-by-question basis. The parties shall meet and confer in good faith regarding any disputes concerning the permissible scope of inquiry and as otherwise required under the Federal Rules of Civil Procedure and the Court's Local Rules. The Wounded Blue and Mr. Sutton may take Hill's deposition twice: once before the criminal trial, limited to matters that do not implicate her Fifth Amendment rights, including her counterclaims, and again after the criminal trial concludes, without that limitation, and before the June 28, 2027 cut-off.

/ / /

/ / /

/ / /

/ / /

Hill reserves the right to assert the privilege on a question-by-question basis as to any inquiry that could implicate it. The two sessions are one deposition under Fed. R. Civ. P. 30 and do not count as two depositions against any deposition limit. Regarding the written discovery that the Wounded Blue served prior to the Stay, Hill shall respond by November 15, 2026 as to all interrogatories and document requests that do not implicate her Fifth Amendment rights, and she may assert the privilege in good faith where necessary.

DATED this 2nd day of October 2026.

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

*/s/ Kyle Fenton, Esq.*

G. MARK ALBRIGHT, ESQ., #1394
KYLE W. FENTON, ESQ., #16235
801 South Rancho Drive, Suite D4
Las Vegas, Nevada 89106
T: 702.384.7111 / F: 702.384.0605
gma@albrightstoddard.com
kfenton@albrightstoddard.com
*Attorneys for Defendant/Counterclaimant Jennifer Griffin Hill*

DATED this 2nd day of October 2026.

JACKSON LEWIS P.C.

*/s/ Joshua Sliker, Esq.*

JOSHUA A SLIKER, ESQ. (12493)
300 S. Fourth Street, Suite 900
Las Vegas, NV 89101
Tel: (702) 921-2460
Reno, Nevada 89501
Joshua.sliker@jacksonlewis.com
*Attorneys for Counter-Defendants The Wounded Blue and Randy Sutton*

**ORDER**

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE
**10-15-26**